IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| 24 HOUR FITNESS USA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-4270 |
| | § | |
| JASON MORROW, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM ON DISMISSAL**

This lawsuit arises out of "a now decertified FLSA collective action" suit pending in the Northern District of California. (Docket Entry No. 12, at 1.) Jason Morrow, the defendant in this lawsuit, had opted into the California suit. 24 Hour Fitness, the plaintiff in this lawsuit, is one of the defendants in the California action. According to 24 Hour Fitness, when the California district court decertified the collective action, the court "dismissed all opt-in plaintiffs from the action without prejudice to each . . . opt-in plaintiff filing a suit on his or her own behalf." (*Id.*) The California court also "agreed to toll the applicable limitations period for 30 days to allow the opt-in plaintiffs time to file suit." (*Id.* at 1–2.) "However, rather than file suit, . . . counsel purporting to represent [Morrow] filed arbitration demands with JAMS demanding arbitration in San Francisco, California, on behalf of 983 individuals including [Morrow] . . . ." (*Id.* at 2.) 24 Hour Fitness and "counsel purporting to represent [Morrow] conferred regarding arbitration of the claims for over nine months following service of the arbitration demands but were unable to reach a resolution." (*Id.*)

In December 2011, 24 Hour Fitness filed a Petition to Compel Arbitration against Morrow in this court. (Docket Entry No. 1.) The petition alleges that Morrow "is seeking overtime pay due

to alleged misclassification and/or off-the-clock work from his/her former employer . . . pursuant to the Fair Labor Standards Act" but "refuses to arbitrate his/her claims in the appropriate forum—the location where [Morrow] worked for 24 Hour Fitness." (*Id.* at 1.) According to the petition, Morrow worked at a 24 Hour Fitness location "in the Southern District of Texas." (*Id.*) Although the arbitration agreement "is silent on the location of the arbitration hearing," 24 Hour Fitness contends that "[i]t would be absurd to require [Morrow] and all percipient witnesses to travel from Texas to California or some other location for a hearing." (*Id.* at 9.) 24 Hour Fitness seeks an order compelling Morrow to arbitrate his FLSA claim in the Southern District of Texas. (*Id.* at 8.)

Morrow, representing himself in this action, answered the petition to compel arbitration, stating in relevant part as follows:

> I have no desire to communicate with 24 Hour Fitness, an Arbitrator, or anyone else regarding this matter. I forgot the lawsuit was even still going on, and have no desire to get involved now. Everything I stated to have happened was true. However at this point I couldn't care less. If attorneys "representing" me are continuing to fight the case, that's their choice but I'm out. This letter serves as notice that I do not care to pursue any action of any kind. If there is continued legal action DO NOT include me in them for any reason.

(Docket Entry No. 5, at 1.)

At the initial pretrial conference held on May 1, 2012, Morrow did not appear, despite the opportunity to do so by telephone. This court informed counsel for 24 Hour Fitness that based on Morrow's answer, it appeared that this case is moot because he no longer wished to pursue any claims against 24 Hour Fitness. The court ordered 24 Hour Fitness to contact Morrow and the California attorney purporting to represent him in the arbitration in that state, to determine whether Morrow is in fact still pursuing claims against 24 Hour Fitness in a California arbitration. The court also ordered 24 Hour Fitness to file a written statement about the status of any California proceeding

involving Morrow. The court stated that if Morrow is no longer pursuing any FLSA claim, this Texas lawsuit would be dismissed, without prejudice, as moot.

On May 18, 24 Hour Fitness filed a status report with this court. The status report does not fully respond to the court's questions. Citing a letter brief to a Special Master appointed in the California case, 24 Hour Fitness states that Morrow's answer in this litigation "was shared with counsel purporting to represent him as part of briefing to the Special Master." (Docket Entry No. 12, at 4.) The letter brief was filed in March 2012. This court ordered 24 Hour Fitness to contact Morrow and the California attorney in May 2012. Although the status report provides an update of the status of the California case, it does not indicate whether 24 Hour Fitness contacted Morrow or the California attorney after the May 1 initial pretrial conference and after Morrow's statement to this court disavowing any intent to pursue claims against 24 Hour Fitness in California or elsewhere. The report simply states that 24 Hour Fitness "can only conclude that [Morrow] is proceeding *pro se*." (*Id.* at 5.) The record reveals that Morrow does not want to pursue any FLSA claims against 24 Hour Fitness in California or elsewhere. Morrow clearly indicated that he is "out" and that he does not "care to pursue any action of any kind." Because Morrow has clearly and unambiguously disavowed any intention or desire to pursue the FLSA claims that 24 Hour Fitness seeks to have arbitrated in Texas, this action is moot. The petition to compel arbitration is dismissed, without prejudice, for lack of subject-matter jurisdiction.

SIGNED on June 11, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge